CASE NO. 22-1750

IN THE

# United States Court of Appeals
## FOR THE FOURTH CIRCUIT

———————————

GARY NESTLER, on behalf of themselves and all others
similarly situated; VIEWED STUDENT FEMALE 200, on
behalf of themselves and all others similarly situated;
VIEWED STUDENT MALE 300, on behalf of themselves and
all others similarly situated,

*Plaintiffs-Appellants,*

v.

THE  BISHOP OF CHARLESTON, a Corporation Sole;
BISHOP ENGLAND HIGH SCHOOL; TORTFEASORS, 1 - 10;
THE  BISHOP OF THE DIOCESE OF CHARLESTON, in his
official capacity; ROBERT GUGLIELMONE, individually*,*

*Defendants-Appellees.*

———————————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA AT ABINGDON

———————————

## REPLY BRIEF OF APPELLANTS

———————————

David K. Lietz
MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC
5335 Wisconsin Avenue NW, Suite 440
Washington, D.C. 20015-2052
866-252-0878
dlietz@milberg.com

Lawrence E. Richter, Jr.
RICHTER FIRM, LLC
622 Johnnie Dodds Boulevard
Mt. Pleasant, SC 29464
843-849-6000
lrichter@richterfirm.com

*Counsel for Plaintiffs-Appellants*

## TABLE OF CONTENTS

<u>Page</u>

TABLE OF AUTHORITIES ...................................................................iii

INTRODUCTION ........................................................................... 1

ARGUMENT .................................................................................. 4

    I.    APPELLEES BRIEF CONTAINS NO ARGUMENT DEMONSTRATING THAT THE DISTRICT COURT INTERPRETED SOUTH CAROLINA LAW PROPERLY IN RULING ON THE SUMMARY JUDGMENT MOTION ............................................................................ 4

    II.    REMAND, NOT DISMISSAL, WAS REQUIRED IF THE PLAINTIFFS-APPELLANTS' LACKED ARTICLE III STANDING DUE TO NO INJURY-IN-FACT ...................... 7

    III.    APPELLEES DID NOT RAISE STATUTE OF LIMITATIONS OR STANDARD OF CARE ARGUMENTS IN THEIR SUMMARY JUDGMENT MOTION ............................................................................ 13

    IV.    THE DISTRICT COURT ERRED IN DENYING CLASS CERTIFICATION WHERE SOUTH CAROLINA LAW DOES NOT REQUIRE ACTUAL VIEWING ............................ 14

        A.    The Proposed Class is Not a Fail-Safe Class Where Actual Viewing is Not Required ......................................... 15

        B.    Appellants Had Standing and Were Class Members Where Actual Viewing is Not Required ............................. 17

        C.    The District Court Did Not Deny Class Certification for Lack of a Class-Wide Damages Model ........................... 18

i

D.  Predominance Would Have Been Satisfied Where Actual Viewing is Not Required .......................................... 19

E.  Superiority Was Also Satisfied under Facts of the Case ................................................................................. 21

CONCLUSION ................................................................................. 23

CERTIFICATE OF COMPLIANCE.......................................................... 24

# TABLE OF AUTHORITIES

## Cases

*Ambriz v. Coca Cola Co.*,
No. 14-CV-00715-SVW, 2015 WL 12683823
(C.D. Cal. Mar. 11, 2015) .................................................................. 20

*Bertulli v. Indep. Ass'n of Cont'l Pilots*,
242 F.3d 290 (5th Cir. 2001) ........................................................... 20

*Blackie v. Barrack*,
524 F.2d 891 (9th Cir. 1975) ........................................................... 20

*Cherry v. Dometic Corp.*,
986 F.3d 1296 (11th Cir. 2021) ................................................... 10, 11

*Davis v. Federal Election Comm'n*,
554 U.S. 724, 128 S. Ct. 2759, 171 L. Ed. 2d 737 (2008) ................... 8

*Doe v. Roman Catholic Diocese of Covington*,
No. 03-CI-00181, 2006 WL 250694 (Ky. Cir. Ct. Jan. 31, 2016) . 21-22

*Friedman v. Martinez*,
242 N.J. 449, 231 A.3d 719 (2020) .................................................... 7

*Griffin v. Red Run Lodge, Inc.*,
610 F.2d 1198 (4th Cir. 1979) ........................................................... 8

*Grooms v. Med. Soc. of S.C.*,
298 S.C. 399, 380 S.E.2d 855 (Ct. App. 1989) ................................. 20

*Gunnells v. Healthplan Servs., Inc.*,
348 F.3d 417 (4th Cir. 2003) .................................................... 18, 22

*In re Under Seal*,
749 F.3d 276 (4th Cir. 2014) ........................................................... 14

*In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*,
722 F.3d 838 (6th Cir. 2013) ........................................................... 22

*Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*,
500 U.S. 72, 111 S. Ct. 1700, 114 L. Ed. 2d 134 (1991) ................... 12

*Lienhart v. Dryvit Sys., Inc.*,
   255 F.3d 138 (4th Cir. 2001) ............................................ 9

*Livingston v. Sims*,
   197 S.C. 458, 15 S.E.2d 770 (1941) ................................. 22

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992) .................. 8

*McGee v. Solicitor Gen. of Richmond Cnty., Ga.*,
   727 F.3d 1322 (11th Cir. 2013) ...................................... 12

*O'Shea v. Lesser*,
   308 S.C. 10, 416 S.E.2d 629 (1992) ................................. 5

*Richardson v. Clarke*,
   52 F.4th 614 (4th Cir. 2022) ......................................... 14

*Roach v. W. Va. Reg'l Jail & Corr. Facility Auth.*,
   74 F.3d 46 (4th Cir. 1996) ....................................... 3, 13

*Rycroft v. Gaddy*,
   281 S.C. 119, 314 S.E.2d 39 (Ct. App. 1984) ...................... 5

*Snakenberg v. Hartford Cas. Ins. Co.*,
   299 S.C. 164, 383 S.E.2d 2 (Ct. App. 1989) .................... 6, 21

*TransUnion, LLC v. Ramirez*,
   141 S. Ct. 2190 (2021) ......................................... 2, 8, 14

*Uzuegbunam v. Preczewski*,
   141 S. Ct. 792, 209 L. Ed. 2d 94 (2021) ........................... 6

*Wallace v. ConAgra Foods, Inc.*,
   747 F.3d 1025 (8th Cir. 2014) ..................................... 12

*Wright Transp., Inc. v. Pilot Corp.*,
   841 F.3d 1266 (11th Cir. 2016) ................................... 10

## Statutes

28 U.S.C. § 1447 .................................................. 3, 12, 13

28 U.S.C. § 1453 ..................................................... 12

**Other Authorities**

Restatement (Second) of Torts§ 652 ......................................... 7, 17, 18

## INTRODUCTION

Appellees' Brief is a masterclass in skirting the issues presented in this appeal. Appellees' brief barely touches upon the pertinent legal question presented – specifically whether the district court's erroneous construction of South Carolina law concerning the tort of wrongful intrusion into private affairs caused it to error in denying class certification and in granting summary judgment against the individual plaintiffs. Instead, Appellees merely re-argue their opposition to class certification, raising numerous issues that aren't raised in and that aren't germane to this appeal. As Appellant showed the Court in its Opening Brief, the district court's holding that the tort of wrongful intrusion into private affairs requires "actual viewing" thoroughly permeates the entire class certification analysis, is effectively the sole basis for denying class certification, and caused the district court to error in denying class certification. Nothing in Appellees' brief demonstrates why Appellants' construction of South Carolina law of wrongful intrusion into private affairs isn't correct, or demonstrates that the district court did not error in finding an "actual viewing" requirement that isn't in South Carolina law.

1

Appellees' treatment of the summary judgment issue raised on appeal improperly attempts to re-write the summary judgment motion at the appellate level. Appellees now argue that they were entitled to summary judgment because Appellant Male Student 300's claims were barred by the statute of limitations, or because the locker room design met the standard of care. Neither of these arguments appears anywhere in the record, and most certainly not in Appellees' single paragraph summary judgment motion. JA 1491. Instead, Appellees' entire summary judgement argument is a challenge to Article III standing, predicated upon *TransUnion, LLC v. Ramirez,* 141 S.Ct. 2190 (2021). *Ibid.* Appellees themselves argued that "Based upon . . . the determination that Plaintiffs do not have constitutional standing to assert the claims alleged in the Amended Complaint. . ." JA 1491 (quoting Appellees' Summary Judgment motion). Appellees cannot now disavow the Article III standing challenge that they themselves chose to invoke in their so-called summary judgment motion.

Appellees have no real argument for why this case should not be remanded to South Carolina state court if the district court found that Plaintiffs-Appellants lacked Article III standing due to no injury in fact.

Appellees improperly conflate the district court's denial of class certification (which would not deprive the court of subject matter jurisdiction) with the district court's finding of no injury-in-fact for purposes of evaluating Appellees so-called summary judgment motion. The very heart of Appellees' "summary judgment" argument is that under *TransUnion*, the Plaintiffs-Appellants' claims must be dismissed for lack of standing where there is no injury-in-fact. There is no other way to reasonably construe Appellees' bare-bones, single paragraph summary judgment motion.

Appellees simply ignore 28 U.S.C. § 1447(c), which provides, "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." "The plain language of § 1447(c) gives 'no discretion to dismiss rather than remand an action' removed from state court over which the court lacks subject-matter jurisdiction." *Roach v. W. Va. Reg'l Jail & Corr. Facility Auth.*, 74 F.3d 46, 48-49 (4th Cir. 1996) (internal citations omitted). Binding Fourth Circuit authority and compelling authority from other federal circuits amply demonstrate that outright dismissal, rather than remand, was reversible error by the district court here.

3

# ARGUMENT

## I. APPELLEES BRIEF CONTAINS NO ARGUMENT DEMONSTRATING THAT THE DISTRICT COURT INTERPRETED SOUTH CAROLINA LAW PROPERLY IN RULING ON THE SUMMARY JUDGMENT MOTION.

Astonishingly, there is no argument in Appellees' Brief explaining why the district court's erroneous conclusion that South Carolina law requires evidence of "actual viewing" in order to establish an injury under the tort of intrusion into private affairs is not reversible error. Appellees response to the argument that the district court erred in granting summary judgment because it misconstrued South Carolina law is to simply skip over the error of law. Instead, Appellees argue that because Appellants "introduced no evidence that they sustained any legally cognizable injury-in-fact," the district court properly granted summary judgment. Appellees' Brief at 29.

The flaw in this argument is obvious. The "evidence" that Appellants purportedly failed to introduce is evidence of "actual viewing." As Appellees put it, "neither Male Student nor Female Student could state that anyone, at any time, had illicitly or surreptitiously photographed them changing clothes in the locker room." *Ibid.* However, South Carolina law does not require evidence of "actual viewing" to

4

establish the tort of wrongful intrusion into private affairs. Appellants claims cannot be dismissed for failing to satisfy an evidentiary burden that doesn't exist under South Carolina law.

In *O'Shea v. Lesser*, 308 S.C. 10, 17–18, 416 S.E.2d 629, 633 (1992), the South Carolina Supreme Court established under South Carolina law that "actual viewing" is <u>not</u> necessary to satisfy the "intrusion" element of the intrusion into private affairs tort. Instead, South Carolina law holds that if a plaintiff can show "a blatant and shocking disregard of his rights, and serious mental or physical injury or humiliation to himself resulting therefrom," *Rycroft v. Gaddy*, 281 S.C. 119, 124–25, 314 S.E.2d 39, 43 (Ct. App. 1984), that is sufficient to satisfy the "intrusion" element in cases where there is no public disclosure. As Appellants note in their Brief and the record on appeal show, the case at bar presents a "blatant and shocking disregard" of Appellants' rights and legitimate expectations of privacy. And where the Appellants established the necessary elements of the intrusion into private affairs tort:

> the damage consists of the unwanted exposure resulting from the intrusion. Thus, if the plaintiff proves the four elements needed to establish his cause of action, the fact of damage is established as a matter of law.

*Snakenberg v. Hartford Cas. Ins. Co.*, 299 S.C. 164, 171–72, 383 S.E.2d 2, 6 (Ct. App. 1989). This is in accord with the United States Supreme Court's recent affirmation that nominal damages provide redressability for Article III standing under the United States Constitution: "The law tolerates no farther inquiry than whether there has been the violation of a right." *[citation omitted]* When a right is violated, that violation "imports damage in the nature of it" and "the party injured is entitled to a verdict for nominal damages." *Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 800, 209 L. Ed. 2d 94 (2021). "For the purpose of Article III standing, nominal damages provide the necessary redress for a completed violation of a legal right." *Uzuegbunam* 141 S. Ct. at 802.

The district court committed reversible error in granting summary judgment as to Appellants' individual claims where there is no requirement under South Carolina law that a plaintiff show "actual viewing" to establish injury-in-fact. Appellees have no response to this argument, and this Court should hold in favor of Appellants, reversing the grant of summary judgment.

The cases from other jurisdictions cited by Appellants at Footnote 1 of their Opening Brief demonstrate that when South Carolina law is

properly interpreted in accord with the Second Restatement of Torts § 652(B), which does not require acquisition of information for the intrusion tort, summary judgment is not appropriate. For example, in *Friedman v. Martinez*, 242 N.J. 449, 455–56, 231 A.3d 719, 723 (2020), a group of over 60 women filed tort claims for intrusion upon seclusion against defendants including a janitor, the janitor's employer, the owner of office building, and the building manager arising from janitor's hiding of video-recording devices in women's bathrooms and locker room in building. In denying summary judgment, the court held that:

> We find that an intrusion on privacy occurs when someone uses a private space where a spying device has been concealed and "the intrusion would be highly offensive to a reasonable person." Restatement (Second) of Torts§ 652B. To bring a claim, the victim does not have to present direct evidence that she was secretly recorded.

*Friedman*, 242 N.J. at 455-456. This is the same result that should have obtained here.

## II.    REMAND, NOT DISMISSAL, WAS REQUIRED IF THE PLAINTIFFS-APPELLANTS' LACKED ARTICLE III STANDING DUE TO NO INJURY-IN-FACT.

Appellees devote only a single page in their 35-page to addressing Appellants' argument that the district court erred in granting summary judgment and dismissal where the court found no injury-in-fact. The

7

reason for this is plain – Appellees have no real argument for why the district court did not commit reversible error when it dismissed this action rather than remanding it.

While it is true that jurisdiction is determined at the time of removal, it is wholly inaccurate to contend that "nothing filed after removal affects jurisdiction." Appellees' Brief at 35. To the contrary, as the Supreme Court stated in *TransUnion*:

> Plaintiffs must maintain their personal interest in the dispute at all stages of litigation. *Davis v. Federal Election Comm'n*, 554 U.S. 724, 733, 128 S.Ct. 2759, 171 L.Ed.2d 737 (2008). A plaintiff must demonstrate standing "with the manner and degree of evidence required at the successive stages of the litigation." *Lujan* [*v. Defenders of Wildlife,*], 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

*TransUnion,* 141 S.Ct. at 2208.

Appellees simplistically overread cases like *Griffin v. Red Run Lodge, Inc.*, 610 F.2d 1198, 1204 (4th Cir. 1979), where this Court stated that "[o]nce jurisdiction exists, subsequent events, such as the determination that one of the aggregated claims was without merit, do not destroy the jurisdictional basis to dispose, on the merits, of claims of $10,000 or less." In *Griffin*, the issue was whether the district court retained jurisdiction over claims that did not meet the jurisdictional

amount in controversy threshold after deciding <u>on the merits</u> the claim that initially satisfied the amount in controversy requirement, and that imbued the district court with jurisdiction. Here, the district court did not make any ruling on the merits that preceded the ruling on the summary judgment motion. This is consistent with settled Fourth Circuit law holding that the merits of the underlying claims are not relevant to the appropriateness of certification. *Lienhart v. Dryvit Sys., Inc.*, 255 F.3d 138, 143 (4th Cir. 2001)("While we do not view the merits of the underlying claims as relevant to the appropriateness of certification, the merits may on occasion inform the Court's exercise of discretion to grant early review of certification under Rule 23(f).").

Every case cited by Appellees makes the same, inapposite point – that denial of class certification does not deprive the district court of jurisdiction. The denial of class certification here has nothing to do with whether the district court should have granted outright dismissal in response to the Appellees-Defendants' summary judgment motion, or whether the proper order in response to the summary judgment motion in this case was a remand order. In this case, it is not the ruling on the class certification motion that mandates remand. It is the ruling on

Appellees' summary judgment motion, where the district found no injury-in-fact, and thus no standing.

Even a cursory examination of the cases cited by Appellees demonstrates that the legal authority cited by Appellees has no applicability to the remand issue raised by Appellants in this case. For example, in *Cherry v. Dometic Corp.*, 986 F.3d 1296, 1300 (11th Cir. 2021), the district court denied class certification because it agreed that the class representatives failed to prove administrative feasibility. The district court then determined that the denial of certification divested it of subject-matter jurisdiction under the Class Action Fairness Act, the only asserted basis for jurisdiction, and dismissed the action without prejudice.[1]  The Eleventh Circuit reversed the district court's dismissal order, holding that:

> "[F]ederal jurisdiction under the Class Action Fairness Act does not depend on certification," so a district court retains jurisdiction even after it denies certification. *Wright Transp., Inc. v. Pilot Corp.*, 841 F.3d 1266, 1271 (11th Cir. 2016) (internal quotation marks omitted). Whether as a class or otherwise, the parties may proceed in federal court.

---

[1] It is noteworthy that under Appellees' own authority, the dismissal in *Cherry* was without prejudice, which is one of the forms of relief Appellants argue for here.

10

*Cherry,* 986 F.3d at 1305.

The differences between *Cherry* and this case are obvious and profound. There was no summary judgment motion in *Cherry*, nor any motion for dismissal, nor any merits determination. Rather, the district court in *Cherry* made an erroneous determination that the denial of certification divested it of subject-matter jurisdiction. This was reversible error, and the Eleventh Circuit held that dismissal for lack of jurisdiction was improper, and the *Cherry* plaintiffs were allowed to continue to pursue their individual claims in federal court.

In contrast, the district court here was evaluating Appellees' summary judgment motion, a motion that advanced the argument that the district court's finding of no standing for lack of injury-in-fact provided a basis for dismissal. The district court erroneously foreclosed the individual Plaintiffs-Appellants from proceeding in any court, and did so while issuing a merits ruling on a summary judgment motion that was a *de facto* challenge to Article III standing. That merits ruling was based upon the district court's erroneous construction of South Carolina law, where the district court found that South Carolina required "actual viewing" to establish the intrusion tort.

11

In their summary judgment motion, Defendants-Appellees plainly argued that Plaintiffs-Appellants "do not have constitutional standing to assert the claims alleged in the Amended Complaint. . ." JA 1491. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). § 1447(c) controls here, and mandates remand in a case originally filed in state court, and then removed by Appellees to federal court. The Eighth Circuit artfully laid this out in *Wallace v. ConAgra Foods, Inc.,* 747 F.3d 1025, 1033 (8th Cir. 2014)

> If, on the other hand, the case did not originate in federal court but was removed there by the defendants, the federal court *must* remand the case to the state court from whence it came. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, *the case shall be remanded.*" 28 U.S.C. § 1447(c) (emphasis added); *see also* 28 U.S.C. § 1453(c)(1) (specifying that, with one inapplicable exception, § 1447 "*shall* apply to any removal of a case under this section" (emphasis added)). These words, "on their face, give ... no discretion to dismiss rather than remand an action." *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund,* 500 U.S. 72, 89, 111 S.Ct. 1700, 114 L.Ed.2d 134 (1991) (omission in original) (internal quotation omitted) (reversing and remanding "with instructions that the case be remanded to the [state court]"); *see also, e.g., McGee v. Solicitor Gen. of Richmond Cnty., Ga.,* 727 F.3d 1322, 1326 (11th Cir. 2013). Because this case began in the First Judicial District Court, Dakota County, Minnesota, that is where this case must return.

12

This Court also previously noted that "§ 1447(c) gives 'no discretion to dismiss rather than remand an action' removed from state court over which the court lacks subject-matter jurisdiction." *Roach*, 74 F.3d at 48-49. The "suggestion of remand" to state court is far from "inappropriate," as Appellees contend. Appellees Brief at 34, heading D. Rather, remand is required, and the district court erred in dismissing the case with prejudice and failing to order remand.

## III. APPELLEES DID NOT RAISE STATUTE OF LIMITATIONS OR STANDARD OF CARE ARGUMENTS IN THEIR SUMMARY JUDGMENT MOTION.

Appellees attempt to argue in their brief that summary judgment was appropriate in this case because Appellant Male Student 300's claims are allegedly barred by the statute of limitations, and because the locker room design met the applicable standard of care. Appellee's Brief at 29-34. Neither of these arguments appears anywhere in Appellees' single paragraph summary judgment motion, which states in its entirety the following:

> Based upon the Court's Order denying class certification [Dkt. 84], and the determination that Plaintiffs do not have constitutional standing to assert the claims alleged in the Amended Complaint [ECF 35][ Order, pp. 12-14], Defendants move for summary judgment as to all claims. As the Court determined, none of the Plaintiffs have established "a

13

concrete harm that would confer Article III standing." [Id. citing *TransUnion, LLC v. Ramirez*, 141 S.Ct. 2190, 2200 (2021).

JA1491. It is obvious that neither of these two arguments were put before the district court in Appellees' summary judgment motion. Appellees cannot engraft arguments raised in their class certification motion into their puny, single-paragraph summary judgment motion. Appellees cannot raise new arguments in favor of summary judgment before this Court. "Generally, parties may not raise new arguments on appeal that were not first presented to the district court below, absent exceptional circumstances." *Richardson v. Clarke*, 52 F.4th 614, 625 (4th Cir. 2022); citing *In re Under Seal*, 749 F.3d 276, 285 (4th Cir. 2014).

## IV.  THE DISTRICT COURT ERRED IN DENYING CLASS CERTIFICATION WHERE SOUTH CAROLINA LAW DOES NOT REQUIRE ACTUAL VIEWING.

The balance of Appellees' Brief merely re-argues class certification all over again, and regurgitates the district court's order. Appellees essentially make the circular argument that the denial of class certification was appropriate because the district court properly denied class certification. As Appellants will again show, the district court's analysis of the class certification factors was predicated almost entirely

14

upon the erroneous misconstruction of South Carolina law requiring actual viewing. The district court itself acknowledged that its findings relative to ascertainability, standing, predominance, and superiority (the four factors upon which the district court relied in denying class certification) "was the Court's holding that the tort of wrongful intrusion into private affairs required actual viewing." JA1571. But the district court misconstrued South Carolina law, which does <u>not</u> require actual viewing. This erroneous interpretation of law permeates the district court's entire class certification analysis. When removed from the district court's analysis, it is manifest that class certification was improperly denied.

### A.   The Proposed Class is Not a Fail-Safe Class Where Actual Viewing is Not Required.

Appellees go to great lengths to convince this Court of the truism that fail-safe classes are improper. This is not a point that Appellants contest.  Rather, the issue here is whether class definition proposes a fail-safe class. The plain language of the district court's ruling on this point demonstrates that the reason that the district court held that the Appellants were proposing a fail-safe class is because the district court

interpreted South Carolina law as requiring an "actual viewing" requirement:

> Plaintiffs' proposed classes will not be defined 'until the case is resolved on the merits because **only if a putative class member can show he, she, or her child was viewed in the locker rooms** will that individual be known to be part of one of the putative classes.

J.A. 1479 (emphasis added). The proposed class of "all students that attended Bishop England High School during the relevant time periods" ascertainable if there is no "actual viewing" requirement. All students used the same locker rooms, and all had their privacy invaded the same way, without any safety justification, causing outrage as well as mental harm to a person of ordinary sensibilities. All students were being monitored while they were changing clothes, and could be seen through the locker room window. The monitoring of all the students was done surreptitiously. Defendants-Appellees have records of all those students who attended the school during the relevant time frame, and ascertainability does not require mini-trials.

Appellees' argument on Page 18 of its brief that the class definition is still too broad, vague, or subjective relies upon inapplicable hypotheticals. Both the Viewed Class and Tuition Class definitions are

limited to those persons who "attend[ed] Bishop England High School from 1998 at least through 2019." J.A. 136-137. The proposed class does not include "students from other schools who used the locker rooms," as those students did not attend Bishop England High School. The subjective knowledge of the various students with regard to issues like awareness of the location of the coaches' offices or the fact of coaches monitoring (which seems perilously close to an admission that coaches were using the window to view students) is irrelevant where the intrusion is that coaches "could view" the students.   Appellees' "variations" don't render the class definition overbroad, where the students who attended Bishop England High School from 1998 to 2019 can be determined through examination of the school records.

### B.   Appellants Had Standing and Were Class Members Where Actual Viewing is Not Required.

The district court's standing analysis similarly turns upon an erroneous requirement that Plaintiffs-Appellants show that they were "actually viewed."  When South Carolina law is properly interpreted in accord with the Second Restatement of Torts § 652(B), which does not require acquisition of information for the intrusion tort, Appellants have adequately plead an injury-in-fact sufficient to imbue them with

standing. *See* Restatement (Second) of Torts § 652B cmt. a (1977) (explaining that the form of invasion of privacy covered by intrusion upon seclusion — consists solely of an intentional interference with the plaintiff's seclusion and does not depend on publicity given to the plaintiff's private affairs).

### C.    The District Court Did Not Deny Class Certification for Lack of a Class-Wide Damages Model.

Appellees next argument raises an argument advanced by Defendants in the class certification briefing, but not relied upon by the district court in denying class certification – specifically that Plaintiffs-Appellants allegedly failed to provide a class-wide damages model. The standard of review for the class certification ruling is abuse of discretion (*Gunnells v. Healthplan Servs., Inc.*, 348 F.3d 417, 436 (4th Cir. 2003), and Appellees misapprehend the charter of this Court.  This Court is not making a *de novo* determination as to whether or not class certification should be granted. Rather, it is merely reviewing the district court's ruling for abuse of discretion.  Where the class-wide damages argument did not factor into the district court's class certification ruling, there is nothing for this Court to review here.

**D.** **Predominance Would Have Been Satisfied Where Actual Viewing is Not Required.**

The district court's holding on predominance was also predicated upon its erroneous construction of South Carolina law. Simply put, if actual viewing isn't required to establish the tort of intrusion under South Carolina law, then the district court abused its discretion in holding that class-wide proof could not establish a common injury due to the conduct of Appellees. The predominating question is whether all students attending Bishop England High School during the relevant time period could be viewed scrumptiously through the locker room window. That question is easily answered through common proof. The district court holding that predominance is defeated because "factual questions would need to be resolved for each individual class member," including "whether a class member or a class member's child was in-fact viewed" is clearly erroneous and an abuse of discretion. The question under South Carolina law isn't whether each putative class member was "in-fact viewed," but is instead whether all class members "were able to be viewed" in the locker rooms.

The district court also abused its discretion in finding that predominance was not met where individual proof of damages will

19

allegedly predominate over common issues in the litigation. J.A. 1486. Simply because individualized determination of damages may be needed does not defeat predominance. *See e.g. Bertulli v. Indep. Ass'n of Cont'l Pilots*, 242 F.3d 290, 298 (5th Cir.2001) (affirming district court's determination that common issues predominated because "[a]lthough calculating damages will require some individualized determinations, it appears that virtually every issue prior to damages is a common issue"); *Blackie v. Barrack*, 524 F.2d 891, 905 (9th Cir.1975) ("The amount of damages is invariably an individual question and does not defeat class action treatment."). Although the Defendants-Appellees caused psychological damages, they should be no less approachable to quantification and assessment as physical damages. Physical damages and manifestations can be just as myriad and particularized as psychological damages. Such differences that "go primarily to damages . . . cannot destroy predominance." *Ambriz v. Coca Cola Co.*, No. 14-CV-00715-SVW, 2015 WL 12683823, at *4 (C.D. Cal. Mar. 11, 2015).

Moreover, the district court ignored the presence of nominal damages under South Carolina law. *See Grooms v. Med. Soc. of S.C.*, 298 S.C. 399, 402–03, 380 S.E.2d 855, 857 (Ct. App. 1989). As shown above,

*Snakenberg* demonstrates that nominal damages exist for the intrusion tort. *Snakenberg*, 299 S.C. at 171–72, Nominal damages require no individualized inquiry, and the district court abused its discretion in holding that individualized damages inquiries defeated predominance.

## E.    Superiority Was Also Satisfied under Facts of the Case.

The district court's misconstruction of South Carolina law also caused it to abuse its discretion as to the superior element of the class action analysis. All of the "individualized inquiries" and "mini-trials" that the district court identified would have been unnecessary if the court had held that South Carolina law does not require "actual viewing." Had the district court determined that "actual viewing" is not required, class-wide treatment of Plaintiffs-Appellants' claims is the perfect vessel to manage thousands of identical claims, with nominal damages, or where damages can be addressed in sub-classes or matrices of recognizable damage claims. Collective action is plainly superior in cases involving victims of assault or abuse often do not wish to subject themselves to litigation, whether to avoid making their experience public, having to testify about it, or having to confront their abuser in court. *See, e.g.*, *Doe v. Roman Catholic Diocese of Covington*, No. 03-CI- 00181, 2006 WL 250694, at *5

(Ky. Cir. Ct. Jan. 31, 2016). Superiority often is met in two situations, either where "many individuals have small damage claims" and where, absent a class suit, "it is unlikely that any of the claims will be accorded relief." The class certification here would have facilitated a procedural avenue to rectify a wrong to which all students have damages established as a matter of law under *Snakenberg*. If not for the procedural vehicle of the class action, the thousands of students whose privacy rights were violated would not realistically have the "maintenance of an action and the recovery of at least nominal damages, regardless of whether any actual damage has been sustained." *Livingston v. Sims*, 197 S.C. 458, 15 S.E.2d 770, 772 (1941)*; see also*, *In re Whirlpool Corp. Front–Loading Washer Prods. Liab. Litig.*, 722 F.3d 838, 861 (6th Cir.2013)(stating that "class members are not likely to file individual actions—the cost of litigation would dwarf any potential recovery").

For all these reasons, and the reasons set out in Appellants' Opening Brief, the district court abused its discretion where it denied class certification based upon a misconstruction of South Carolina law. *Gunnells*, 348 F.3d at 436 (abuse of discretion where district court misconstrued South Carolina law).

## CONCLUSION

For the foregoing reasons and the reasons given in Appellants' Opening Brief, this Court should reverse the district court's grant of summary judgment, reverse the district court's denial of class certification, and remand this matter to the district court for further proceedings consistent with this ruling.

Respectfully submitted,

*s/David K. Lietz*

David K. Lietz
**MILBERG COLEMAN BRYSON**
**PHILLIPS GROSSMAN, PLLC**
5335 Wisconsin Avenue NW
Suite 440
Washington, D.C. 20015-2052
Telephone: (866) 252-0878
Facsimile: (202) 686-2877
dlietz@milberg.com

Lawrence E. Richter, Jr.
RICHTER FIRM, LLC
622 Johnnie Dodds Boulevard
Mt. Pleasant, SC 29464
843-849-6000
lrichter@richterfirm.com

Carl L. Solomon (Fed. Bar: 6684)
Solomon Law Group, LLC
P.O. Box 1866
Columbia, SC 29202
Phone: 803-391-3120
carl@solomonlawsc.com

*Attorneys for Plaintiffs-Appellants*

## CERTIFICATE OF COMPLIANCE

I certify that this Reply Brief of Appellants contains 4,497 words and therefore complies with the word limitation established by the Fourth Circuit Rule 28.1(e)(2), which sets a 6,500-word limit on reply briefs produced using a computer.

This Reply Brief of Appellants also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5) and (a)(6) because it was prepared in Century Schoolbook 14-point typeface using Microsoft Office Word.

*/s/David K. Lietz*
David K. Lietz

24